# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ALLSTATE INSURANCE COMPANY,

    Plaintiff,

vs.                                                                       No. CIV 98-791 LH/JHG

EL BURRITO WAGON, INC., ANTONIO
PADILLA, and MARGARET PADILLA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Enjoin State Court Proceedings (Docket No. 16), filed May 10, 1999, and the Defendants' Motion Requesting Certification to the New Mexico Supreme Court (Docket No. 26), filed June 11, 1999. The Court, having considered the pleadings submitted by the parties, the applicable law, and otherwise being fully advised, finds that the motions are not well taken and will be **denied**.

### MOTION TO ENJOIN STATE COURT PROCEEDINGS

Plaintiff seeks to have this Court enjoin a state court proceeding initiated by one of the Defendants two months after this declaratory action was initiated. Defendants concede that both suits "necessarily involve determining whether the [disputed underinsured motorist] policies can be stacked." (*See* Defs.' Resp. at 2.) Plaintiff Allstate acknowledges that this Court's resolution of the motion is governed by the Anti-Injunction Act which generally prohibits federal courts from enjoining

state court proceedings unless such action is "expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Allstate argues that its requested injunction is necessary to "protect and effectuate [this Court's] judgments. (*See* Pl.'s Mot. Enjoin ¶ 3.)

Although the Plaintiff engages in an interesting, if academic, argument on the applicability of the "first filed" rule, Allstate fails to establish that its request falls into any of the three narrowly tailored exceptions to the Anti-Injunction Act. This "Act does not embody a mere 'principal of comity' but rather mandates an express and unequivocal limitation on the power of federal courts." *Int'l Ass'n of Machinists & Aerospace Workers v. Nix*, 512 F.2d 125, 129 (5th Cir. 1975) (citing *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281 (1970)) (other citations omitted). In other words, unless the Plaintiff's request falls within one of the three exceptions, the Court is simply without power to issue the injunction.

Allstate does not assert that Congress has expressly authorized its requested relief but rather argues that the injunction may be issued pursuant to the Anti-Injunction Act's exceptions granting federal courts authority to enjoin state proceedings when "necessary in aid of [their] jurisdiction, or to protect and effectuate [their] judgments." 28 U.S.C. § 2283. However, Plaintiff's effort to place its motion within either of these two exceptions utterly fails. First, the requested injunction could not serve to "protect or effectuate" this Court's judgment, as it has not yet acted on the pending motion for summary judgment. No qualifying judgment exists. *See* 17 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE, § 121.08[1] (noting the so-called relitigation exception is applicable only to fully adjudicated or actually decided judgments and discussing its relationship to the doctrines of *res*

*judicata* and collateral estoppel).[1] Second, to the extent Plaintiff attempts to fit its requested injunction within the "when necessary in aid of federal court jurisdiction" exception, the Tenth Circuit has held this exception is limited to *in rem* proceedings only and would, therefore, be inapplicable to this action. *See Hyde Construction Co. v. Koehring Co.*, 388 F.2d 501, 508 (10th Cir. 1968).[2]

When, as here, both actions are *in personam*,[3] they "may proceed simultaneously and the federal court *may not* enjoin the state proceeding." *Id*. (citations omitted) (emphasis added). The Supreme Court has held, in fact, that "state and federal courts were *meant* to have concurrent jurisdiction and neither system [can] prevent parties from simultaneously pursuing *identical* claims in different courts." 17 MOORE'S FEDERAL PRACTICE, § 121.07[c] (citing *Atlantic Coast Line R.R. Co.*, 398 U.S. 281, 295 (1970)) (emphasis added). As this is precisely the condition the Plaintiff

---

[1] Plaintiff's reliance on *Nix*, 512 F.2d at 131, is misplaced. In *Nix* the federal injunction was issued to "protect and effectuate" a federal judgment which was decided and final *prior* to the issuance of the injunction, and, in fact, prior to the initiation of the state court proceeding. *See Id.* at 128. As such, it fits well within the "relitigation exception."

[2] Plaintiff's reliance on *Lou v. Belzberg*, 834 F.2d 730 (9th Cir. 1987) is also obviously inappropriate given Tenth Circuit precedence limiting this exception to *in rem* actions, however, the Court notes that in its holding the Ninth Circuit also recognizes that the general rule "is that where state and federal courts have concurrent jurisdiction over a case, neither court may prevent the parties from *simultaneously* pursuing claims in both courts." *Id*. at 739. Moreover, the *Lou* court held that the "mere existence of a parallel action in state court" would not authorize a federal injunction of a state proceeding. *Id*. at 740. The *Lou* court concluded, therefore, that the "necessary in aid of its jurisdiction" exception was inapplicable and reversed the district courts injunctive relief. *Id*.

[3] *See* Compl. Dec. J. ¶ 20 (alleging "actual justiciable controversy" and that the Court "is vested with the power to declare and adjudicate the rights and other legal relationships of all parties to the instant litigation" and seeking declaration on those rights); *see also Hyde*, 388 F.2d at 508 (holding breach of contract actions are *in personam*).

complains of—and bases its motion upon—the Court must deny the request for an injunction of the state court proceeding.[4]

**MOTION REQUESTING CERTIFICATION TO THE NEW MEXICO SUPREME COURT**

Defendants seek to have the stacking issue presented to the New Mexico Supreme Court pursuant to its Rule 12-607 NMRA 1999. Defendants support this motion only by citing to the review of a "nearly identical" certified question from United States District Judge E. L. Mechem in *Allstate v. Stone*, as "precedence" for such action. 116 N.M. 464, 863 P.2d 1085 (1993). The Court does not doubt that certification can be an appropriate means—even when initiated *sua sponte*—to resolve unclear questions of state law. *See* NMRA 12-607(A) (permitting review of certified question if "there are no controlling precedents in decisions of the New Mexico Supreme Court or the New Mexico Court of Appeals").

However, rather than pointing the Court to a lack of clarity in applicable New Mexico law, Plaintiff repeatedly states that there are numerous state court decisions on stacking issues "nearly identical" to the dispute before the Court. (*See* Defs.' Mot. Cert. N.M. S. Ct. ¶5; Defs.' Reply at 3-4 (arguing that "New Mexico appellate opinions clearly support [Defendant] Padilla's argument).) The certification provision is not intended to require the highest court of the state to review questions with minor factual or legal differences from its prior precedence. *See Schlieter v. Carlos,* 108 N.M. 507, 775 P.2d 709 (1989) (holding "the degree of uncertainty in the law and prospects for judicial economy . . . in deciding whether to accept . . . certification from federal court"). This Court will not

---

[4] The Court does not disagree with the Plaintiffs ruminations on judicial economy and the absurdity of trying identical cases in two jurisdictions, however as discussed above, the Court is without power to grant the requested relief.

burden the New Mexico Supreme Court with a question which is not clearly novel and untested by the New Mexico courts.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Enjoin State Court Proceedings (Docket No. 16), filed May 10, 1999, is **denied**.

**IT IS FURTHER ORDERED** that Defendants' Motion Requesting Certification to the New Mexico Supreme Court (Docket No. 26), filed June 11, 1999, is **denied**.

**IT IS FINALLY ORDERED** that the hearing set in this matter on July 7, 1999, at 9:00AM is **vacated**.

_____
**UNITED STATES DISTRICT JUDGE**